## WHITE et al. v. TODD'S VALLEY WATER COMPANY.

Where the defendants had constructed a ditch for mining purposes, and the plaintiffs had subsequently constructed another, taking its water from the same stream, and brought suit for damages sustained by reason of an enlargement of defendant's ditch, made after the commencement of plaintiffs' ditch, causing a diversion of a greater quantity of water; and praying for an injunction: *Held*, that defendants are not limited to the quantity of water turned into their ditch in the first instance, unless by the general plan, size, and grade, of the ditch, it was not capable of carrying more water than was then diverted.

If, by reason of obstructions in the ditch, or irregularity in the grade at that time, it was not capable of diverting as much water as its general size would indicate, the defendants would have a reasonable time to adjust the grade and remove such obstructions, and then fill the ditch to its capacity.

But if they continued to divert only the original quantity of water long enough to indicate that they only intended to divert that amount, or failed for an unreasonable length of time to remove the obstructions or adjust the grade, they would be limited to the amount thus diverted, and plaintiffs would be entitled to the residue.

When the testimony is conflicting, this Court will not disturb a verdict.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

The defendants, a corporation for mining purposes, constructed a ditch in 1851, taking water from the Volcano Cañon. In 1852, the plaintiffs, or those under whom they claim, constructed their ditch, tapping the same stream at a point a short distance below. In their complaint, the plaintiffs allege that the ditch of defendants had been so enlarged since the date of the commencement of plaintiffs' ditch, as to increase the volume of water running therein, to the injury of the plaintiffs. This allegation is denied in the answer. Upon the trial in the Court

below, the jury rendered a general verdict for defendants.    The plaintiffs moved for a new trial, which being overruled, they appealed to this Court.

The grounds of error assigned appear in the opinion of the Court.

*Tuttle & Myers* for Appellants.

*Hale & Hillyer* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

There are two errors assigned by the plaintiffs :

1. That the verdict was against the evidence.

2. That the Court erred in giving and refusing instructions.

In reference to the fact as to whether the ditch of defendants had been enlarged so as to increase the flow of the water, the testimony was conflicting.    The evidence fills some fifty-two pages of the transcript, and there was ample room allowed for the exercise of the discretion of the jury.    It would be exceedingly difficult for any one to come to a satisfactory conclusion as to the real state of the case.    And this uncertainty arises from the nature of the subject-matter, and the want of exact estimates at the time.    We therefore cannot disturb the verdict upon the first ground assigned.

On the trial, the Court gave this instruction : " In determining the quantity of water in the cañon, appropriated by defendants at the time of the construction of their ditch, which is conceded to have been constructed prior to that of plaintiffs, you will ascertain their intentions from their acts, the manner in which their ditch was constructed, the plan of the work, the general size, etc.

" They would not be limited to the quantity they have turned into their ditch in the first instance, unless by the general plan, size, and grade, of the ditch, it was not capable of carrying more water than was then diverted.

" If, by reason of boulders or stones in the sides and bottom of the ditch, or irregularity in the grade at that time, it was not capable of conveying as much water as its general size would indicate, the defendants would have a reasonable time to adjust the grade and remove such obstructions, and then fill the ditch to its capacity.    But if they continued to divert the quantity only that they originally turned into their ditch a sufficient length of time to indicate that they only intended to divert that amount, or failed for an unreasonable length of time to remove such obstructions or adjust the grade of their ditch, they would be limited to the amount thus directed, and the plaintiffs would be entitled to the residue."

The plaintiffs excepted to the giving of this instruction, and offered the following, which the Court refused to give, and the plaintiffs excepted :

" What amount of water of Volcano Cañon was in the possession, or actually appropriated by defendants or those under whom they claim, at the time of the completion of plaintiffs' ditch, and the actual appropriation of the waters of said cañon by plaintiffs or those under whom they claim."

We think the instruction given by the Court was correct, and entirely applicable to the state of facts proved before the jury. And it follows that if the Court was correct in giving the instructions, the refusal to give the one offered by plaintiffs, was no error.

Judgment affirmed.